NO. 07-00-0491-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 18, 2002



______________________________




DERWIN RENARD MALONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;



NO. 829559; HONORABLE ELSA ALCALA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In two points of error, appellant Derwin Renard Malone challenges the legal and
factual sufficiency of the evidence to support his conviction of sexual assault of a child and
the resulting punishment of 15 years confinement in the Institutional Division of the
Department of Criminal Justice. Finding no reversible error, we affirm the judgment of the
trial court.

 Because of the nature of appellant's challenge, we must briefly review the relevant
evidence. Doris Walker, appellant's ex-wife and the mother of the complainant, testified
that she and appellant had a somewhat troubled relationship. They met in July 1995,
began living together in the summer of 1996, and married in October 1997. During the
period of their relationship, the complainant lived in the house with the couple. Doris said
she encouraged appellant to act as a father figure for her minor daughter, including
disciplining her, although the girl did not like for appellant to do so. During the period from
1996 until their divorce in 2000, the couple separated three or four times.

 When the child was 12, she accused appellant of touching her genitals but, Doris
said, she did not know whether to believe her because she thought the girl might simply
be seeking more attention from her. After the parties' June 1999 separation, Doris had film
developed from a camera which had been used by appellant. Among the resulting
photographs, she discovered some nude photographs which, she later discovered, to be
of the complainant. She turned the pictures over to the police and notified appellant, who
denied any wrongdoing.

 When cross-examined, Doris admitted that the child had made false statements in
the past, including a report about Doris to the Children's Protective Services. She also
admitted that the child would sometimes become very angry at appellant for disciplining
her. She also said that appellant had told her she "better watch" the complainant or she
would become pregnant. At the time of the trial, the complainant was pregnant by a
neighbor.

 The complainant testified and admitted her pregnancy and that she had sex with five
other boys beginning at age 14. She also averred that her natural father had molested her
in 1996. She averred that appellant began "touching" her under her clothes. Doris,
learning of these instances from one of the child's friends, confronted appellant about
them, but when appellant denied the occasions, Doris told the child she did not believe the
accusations. When the complainant was in the seventh or eighth grade, appellant began
having sexual intercourse with her. She also averred that the photographs were of her and
were taken by appellant with the assurance that they would be destroyed. She also
admitted having been untruthful with her mother in the past.

 Appellant testified that he had discipline problems with the complainant and had
struck her on occasions, but denied he had ever taken the pictures of the complainant or
had any sexual activity with her. He averred that his cousin had borrowed the camera in
March or May 1999, the cousin had reluctantly admitted he had taken pictures of a nude
woman with the camera, and he believed the film in the camera in September was that
which had been in the camera when it was used by him.

 A man's hand was seen in the photographs and, when questioned about it by the
State, appellant denied that it was his hand, because it did not show a tattoo located on
his arm. He admitted that a mark in the photograph was similar to a burn mark on his arm. 
Although he contended that the complainant was not afraid of him, he admitted he had
struck her and split her lip sufficiently to require stitches. The defense also called
appellant's sister-in-law, who testified that she had heard Doris make some statements that
led her to believe that the accusations Doris made were motivated by ill will against
appellant.

 As we noted initially, appellant challenges both the legal and the factual sufficiency
of the evidence to support his conviction. In considering a legal sufficiency challenge, we
are required to view the evidence in a light most favorable to the prosecution and then
determine if any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 128 (Tex.Crim.App. 1996). Suffice
it to say, if the evidence is legally insufficient, we must render an acquittal. If the evidence
is legally sufficient, we must then determine if it is factually sufficient. See id. at 134. In
determining the factual sufficiency question, we must view all the evidence without the
prism of "in the light most favorable to the prosecution" and only set aside the verdict if it
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Id. at 129.

 The gist of appellant's argument under each point is that the complainant's
testimony was not credible. However, in a jury trial such as this, the jury is the judge of the
facts proved, the credibility of the witnesses, the weight to be given to their testimony, and
in performing that function, it may accept or reject all or any part of the testimony. See
Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Because the jury has the
opportunity to observe the demeanor of the witnesses, we must give a high degree of
deference to the jury's determinations and may only find the evidence factually insufficient
to prevent manifest injustice. Id.

 In his argument, appellant acknowledges the above general rules, but contends "at
some point the credibility of the complainant is so undermined that a reviewing court can
not have confidence in a verdict supported solely by the witnesses' testimony." In
pursuance of his proposition, appellant emphasizes the evidence that Doris was mad at
appellant, the complainant had lied about discipline problems at school, and she had not
told her mother about the sexual activity.

 However, in addition to the complainant's testimony, the jury had the opportunity to
examine the photographs, which the complainant unequivocally testified were taken by
appellant, as well as her identification of a bracelet shown in the pictures and often worn
by appellant. The jury also had the opportunity to examine the picture of the hand of the
man involved in the sexual activity pictures that contained a mark similar to that on
appellant's hand. The evidence is legally sufficient to sustain the conviction.

 In presenting his factual sufficiency challenge, appellant posits that the court's
holding in Clewis mandates reversal if the verdict is against "the greater weight and
preponderance of the evidence." We disagree with that premise. The standard actually
articulated in Clewis is that we are to "view . . . all the evidence without the prism of 'in the
light most favorable to the prosecution' . . .[and] set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." 922
S.W.2d at 129.

 After his discussion of the Clewis requirements, appellant argues that the
complainant was not credible and, in support, points to the absence of scientific evidence
or the direct testimony of other witnesses concerning the incidents of sexual activity. 
However, we are mindful that in reviewing the sufficiency of the evidence, we must
consider the evidence before us and may not speculate as to evidence not before us and
which may not exist. Chambers v. State, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986). 
Appellant's only evidence directly controverting the complainant's testimony is his own
testimony denying any sexual activity as well as the taking of the pictures. That testimony
only created a conflict for resolution by the jury as the factfinder. We cannot say that their
resolution of the relevant facts against appellant was so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Appellant's points of error are
overruled and the judgment of the trial court is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish.



17;s obligation accrued at least by June 20, 2005, and that was the date from which the
trial court calculated the arrearage due Kristi. So, we find no vagueness in the decree.
          Accordingly, we affirm the judgment of the trial court.
 
                                                                           Per Curiam